UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES REED,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )          No.  4:07CV900 TIA
                                       )
MICHAEL ASTRUE,                        )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
            Defendant.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Remand.  The parties consented

to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  The suit involves applications

for a Period of Disability, Disability Insurance Benefits under Title II of the Social Security Act, and

Supplemental Security Income under Title XVI of the Act.

## Procedural History

On June 22, 2005, Plaintiff protectively filed applications for a Period of Disability, Disability

Insurance Benefits, Supplemental Security Income.   (Complaint, p. 2, ¶ 7; Tr. 73-77)   The

applications were denied (Complaint, p. 2, ¶ 8; Tr. 54-58, 23-27), and a hearing was held before an

Administrative Law Judge (ALJ) on April 13, 2006.  (Complaint, p. 2, ¶ 9; Tr. 174-198).   In a

decision dated August 12, 2006, the ALJ denied Plaintiff's claim for a Period of Disability, Disability

Insurance Benefits, and Supplemental Security Income.  (Complaint, p. 2, ¶ 10; Tr. 8-13)   The

Appeals Council denied plaintiff's Request for Review on March 1, 2007. (Complaint, p. 2, ¶ 11; Tr.

2-4)  Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On May 4, 2007, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on August 20, 2007. On August 30, 2007, Defendant filed a Motion to Remand, requesting that the action be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). Defendant noted that the Appeals Counsel agrees that the ALJ should reconsider Plaintiff's case. Plaintiff will also have the opportunity to submit additional evidence. Defendant further avers that the ALJ will re-evaluate Plaintiff's Residual Functional Capacity with special attention to the impact of the amputation of several of Plaintiff's toes on his ability to work. If necessary, the ALJ will obtain medical expert testimony and/or vocational expert testimony. The ALJ will also further develop Plaintiff's recent work attempts.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that the ALJ found that Plaintiff could perform the full range of "light" work, despite the report of a consultative physician stating that Plaintiff would have difficulty with may of the work functions associated with light work. (Tr. 171) Specifically, Dr. Raymond Leung opined that "[b]ecause of foot pain and amputation to some of his toes, he may have difficulty with prolonged walking and lifting and climbing and squatting." (Tr. 171)

In light of the errors committed by the ALJ, the case should be remanded for further proceedings. On remand, the ALJ should reconsider Plaintiff's case; afford Plaintiff the opportunity to submit additional evidence; re-evaluate Plaintiff's RFC to include all credible limitations arising from Plaintiff's impairment(s); obtain medical expert testimony and/or vocational expert testimony, if necessary; and further develop Plaintiff's recent work attempts. Because Defendant agrees that the case should be remanded, and Plaintiff has no objection, Defendant's motion for reversal and remand under sentence four will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand (#9) is **GRANTED** and this cause is reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §

---

would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has no objection to such motion.

405(g) for further proceedings consistent with this Memorandum and Order. An appropriate

Judgment shall accompany this Memorandum and Order.


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE


Dated this __10th__ day of September, 2007.